UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD PARKER,<br>    Plaintiff | : <br> : <br> : | |
| | : | No. 20-cv-1773 (VLB) |
| v. | : <br> : | |
| ACE AMERICAN INSURANCE CO.<br>d/b/a Chubb<br>    Defendant. | : <br> : <br> : <br> : <br> : <br> : | January 28, 2021 |

## <u>MEMORANDUM OF DECISION DENYING PLANTIFF'S MOTION FOR REMAND, Dkt. 12</u>

This matter is an insurance coverage dispute arising from an automobile accident that Plaintiff Richard Parker was involved in while operating a vehicle on his employer's behalf. Mr. Parker seeks to recover uninsured/underinsured motorist benefits under a commercial automobile insurance liability policy issued by ACE American Insurance Company ("ACE") to his employer. [Dkt. 1-1 (Am. Compl.) ¶¶ 17-21]. ACE removed the suit to this Court from the Superior Court of the State of Connecticut, Judicial District of New Haven, pursuant to 28 U.S.C. §§ 1441 and 1446. [Dkt. 1 (Not. of Removal)]. ACE argues that the Court has original subject matter jurisdiction over this case pursuant to its diversity jurisdiction under 28 U.S.C. § 1332(a). [*Id.*].

Mr. Parker moved for remand, arguing diversity jurisdiction is lacking because ACE is a Connecticut corporation and ACE argues that the amount in controversy does not exceed $75,000 as required to satisfy the jurisdictional threshold set by Congress in § 1332(a). [Dkt. 12 (Pl. Mot. for Remand)]. Plaintiff also

1

argues that remand is warranted under 28 U.S.C. § 1445(c) because Plaintiff has an on-going workers' compensation claim in connection with the accident. [*Id.* at 2].

For reasons stated below, the Court DENIES Plaintiff's motion for remand.

## Discussion

I.     Jurisdictional principles

It is axiomatic that federal courts have limited subject matter jurisdiction. The party asserting federal jurisdiction must establish that jurisdiction exists by a preponderance of the evidence. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006). Consequently, on a motion for remand, the party who asserts that federal subject matter jurisdiction exists bears the burden of persuasion. *In re AOG Entm't, Inc.*, 569 B.R. 563, 572 (Bankr. S.D.N.Y. 2017). As it pertains to the Court's diversity jurisdiction, "[t]he intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

The removal statute, 28 U.S.C. 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, the Court must have original and removal jurisdiction in order to exercise subject matter jurisdiction over the case or controversy.

Under 28 U.S.C. § 1332(a), federal courts have jurisdiction to hear civil actions between "citizens of different States" as long as "the matter in controversy exceeds ... $75,000." The term "citizens of different States" grants jurisdiction only "if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

Pursuant to § 1332(c)(1) "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance…"

In *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010), the U.S. Supreme Court interpreted "principal place of business" to mean "…the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'"

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a "reasonable probability" that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). In determining whether a reasonable probability exists, "…the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)(footnotes omitted). To overcome the "face of

the complaint" presumption, "[t]he legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim." *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070–71 (2d Cir.1996)(quoting *Tongkook*, 14 F.3d at 785–86). The good faith standard includes an objective and subjective component. *Tongkook*, 14 F.3d at 785-86. If the recovery is uncertain, the doubt should be resolved in favor of the plaintiff's pleadings based on subjective good faith. *Id*. at 785. However, good faith alone does not control if it becomes objectively clear that the plaintiff could not recover the jurisdictional amount. *Id*. at 785-86 (dismissing case for lack of subject matter jurisdiction where discovery showed that, at the time the action commenced, the plaintiff was owed less than the jurisdictional amount, despite plaintiff subjective good faith). Waivable affirmative defenses, including the preclusion doctrines, do not whittle down the amount in controversy. *Scherer v. Equitable Life Assurance Soc'y of U.S*., 347 F.3d 394, 398-99 (2d Cir. 2003).

II.     <u>Whether diversity of citizenship between the parties exists</u>

Mr. Parker is a Connecticut resident. [Dkt. 1-1 (Am. Compl.) ¶ 1]. ACE's notice of removal asserts that "ACE American is a citizen of the State of Pennsylvania, which is and remains the state of its incorporation and where its principal place of business is located." [Dkt. 1 (Notice of Removal) ¶ 6].

In his motion for remand, Plaintiff argues that ACE is a Connecticut corporation, doing business within the state. [Dkt. 12 (Pl. Mot for Remand) at 2]. Plaintiff argues that ACE "has held itself out in courts in Connecticut as being a Connecticut

Corporation with a business address in Hartford." [*Id*.]. Plaintiff produced a copy of a complaint in a case captioned, *ACE American Insurance Company v. Royal Hardwood Flooring, LLC*, filed in Superior Court for the State of Connecticut on July 26, 2017. [Dkt. 12, Ex. A]. In the complaint, ACE states that it is a "Connecticut Corporation engaged in the insurance business located at One Tower Square, Hartford Connecticut." [*Id*. ¶ 1]. Additionally, Plaintiff filed a copy of a docket query showing that ACE has filed and litigated cases in the Connecticut state courts on a routine basis. [Dkt. 12, Ex. B.]. Plaintiff's argument is confined to ACE's state of incorporation, not where ACE maintains its principle place of business, i.e. its corporate "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 93-93 130 (2010)

In opposition, ACE argues that it is a Pennsylvania corporation and maintains its principle place of business in Philadelphia. [Dkt. 13 (Def. Mem. in Opp'n) at 1]; [Dkt. 1 (Notice of Removal)]. In support of its contention that it is a Pennsylvania corporation, ACE filed copies of:

(1) Restated Articles of Incorporation filed with the Commonwealth of Pennsylvania's Secretary of State and its Insurance Department, effective November 1, 1999, showing that CIGNA Insurance Company changed its name to ACE American Insurance Company, identifying ACE as a "Corporation organized under the Corporation and Insurance Laws of the Commonwealth of Pennsylvania." [Dkt. 13-1 at 5].

(2) The results of a December 14, 2020 search by defense counsel on the Commonwealth of Pennsylvania's Department of State business search webpage showing that ACE American Insurance Company, formerly CIGNA Insurance Company, was formed in 1996 and is incorporated in Pennsylvania. [Dkt. 13-3 (Def. Ex. 1)].

(3) The Connecticut Insurance Department's list of Licensed Insurance Companies, Approved Reinsurers, and Surplus Lines Insurers, as of September 30, 2020, which shows that ACE American Insurance Company is domiciled in Pennsylvania. [Dkt. 13-4 (Def. Ex. 2) at 4].

(4) Copies of Notices of Removal filed in this District in the matters of: *Smith v. ACE Am. Ins. Co.*, 3:15-cv-44-SRU [Dkt. 13-5 (Def. Ex.3)], *Mehta v. ACE Am. Ins. Co.*, 3:10-cv-1617-RNC [Dkt. 13-6 (Def. Ex. 4)], and *Kleen Energy Systems, LLC v. ACE Am. Ins. Co., et al.*, 3:13-cv-921-WWE [Dkt. 13-7 (Def. Ex. 5)]. In each of these pleadings, ACE identifies itself as a Pennsylvania corporation maintaining its principle place of business in Philadelphia, Pennsylvania. *See also* [Dkt. 13-8 (Def. Ex. 7) at 4](Plaintiff's motion for remand in *Kleen Energy Systems, LLC*, 3:13-cv-921 identified ACE American Insurance Company as a Pennsylvania citizen for diversity purposes).

Based on these materials, the Court finds that ACE established that it is a Pennsylvania corporation by a preponderance of the evidence. Plaintiff filed an incomplete copy of the state court complaint in *ACE American Insurance Company v. Royal Hardwood Flooring, LLC*. [Dkt. 12 at 16]. From the single page filed, it appears to be a collections action brought by ACE to recover $5,501 in unpaid premium for a workers' compensation policy issued to the defendant. [*Id.*]. Plaintiff does not argue that the apparent pleading error in *Royal Harwood Flooring* should be given preclusive effect. Thus, *Royal Hardwood Flooring, LLC* does not alter the conclusion that ACE is a Pennsylvania corporation considering the conclusive evidence submitted by ACE.

Plaintiff argues that "[ACE] regularly avails itself of the state courts in Connecticut to settle its disputes." While this may be true, it is not relevant for determining whether the Court has subject matter jurisdiction. For a corporation to be a citizen of a state, it must either be incorporated there or maintain its principle place of business there. 28 U.S.C. § 1332(c)(1). Whether a company purposely avails itself to the forum state concerns personal jurisdiction over the defendant, not the Court's authority to hear the case. *See World-Wide Volkswagen Corp. v.*

*Woodson*, 444 U.S. 286, 296-97 (1980); *see also* Conn. Gen. Stat. § 52-59b(a)(Connecticut's long arm statute). ACE does not contest personal jurisdiction. [Dkt. 14 (26(f) report) at 2].

Subject matter jurisdiction, unlike personal jurisdiction, is never waived or forfeited and the Court is obliged to consider it *sua sponte*. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Given the Court's obligation to address subject matter jurisdiction *sua sponte* and in the interest of completeness, it bears mentioning that this case is not a direct action against an insurer within the meaning of 28 U.S.C. § 1332(c)(1). The insurance direct-action proviso provides that:

> …except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--
>
> (A) every State and foreign state of which the insured is a citizen;
>
> (B) every State and foreign state by which the insurer has been incorporated; and
>
> (C) the State or foreign state where the insurer has its principal place of business; and

28 U.S.C. § 1332(c)(1).

In *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 672-75 (2d Cir. 1992), the Second Circuit traced the congressional response to limit diversity jurisdiction for insurance direct actions, which are otherwise state tort claims brought against a tortfeasor's insurer without the tortfeasor having been joined as a party. Since "…the insurer stands in the shoes of its legally responsible insured, who would traditionally be a defendant, the general rule is that the proviso does not affect suits

against the insurer based on its independent wrongs: such as actions brought against the insurer either by the insured for failure to pay policy benefits or by an injured third party for the insurer's failure to settle within policy limits or in good faith." *Id.* at 675 (footnotes omitted). Mr. Parker is not bringing this action against the other motorist's insurer, but rather is seeking uninsured/underinsured motorist benefits on the claimed basis that he is an insured under his employer's commercial automobile liability policy. [Dkt. 1-1 (Am. Compl.) ¶¶ 19-21]; *see also Webb v. Lumberman's Mut. Cas. Co.*, No. 01-CV-00770A(SR), 2004 WL 1529239, at *2 (W.D.N.Y. July 2, 2004)(claim for uninsured/under insured motorists benefits is not a direct action under the § 1332(c)(1) proviso). Thus, the Court need not consider the citizenship of Mr. Parker's employer.

Accordingly, the Court concludes that complete diversity exists between the parties. The Court must now consider whether the amount in controversy requirement has been satisfied and whether remand is warranted under 28 U.S.C. § 1445(c).

III.     Whether the amount in controversy requirement is satisfied

The Court is perplexed by the Plaintiff's argument that the amount in controversy does not exceed $75,000 as required by 28 U.S.C. § 1332(b). It is without legal or factual support. By presenting a motion or other paper to the Court, an attorney is representing that "…the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for

extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. (11)(b)(2).

In the amended complaint, Plaintiff alleged that he sustained serious orthopedic injuries from the accident, including two compound fractures in his left leg. [Dkt. 1-1 (Am. Compl.) ¶ 11]. He alleges that he has been "disabled for a long period of time" and lost earning capacity. [*Id.* ¶¶ 13-16]. Plaintiff's motion for remand argues that "…the plaintiff's position that the amount in controversy far exceeds the $75,000 threshold, and that there is a $1 million insurance policy in dispute, the defendant has moved for remand on the basis of diversity jurisdiction and contends that there is no insurance money available to cover this loss." [Dkt. 12 (Pl. Mem. in Opp'n) at 2]. To clarify Plaintiff's statement, it is the Plaintiff who is seeking remand following the Defendant's removal of the action from state court.

Plaintiff offers two exhibits in support of its contention that the amount in controversy is lacking, but neither is relevant. First, Plaintiff offers a short email chain between Plaintiff's counsel and defense counsel dated December 1, 2020. [Dkt. 12 (Pl. Ex. C) at 10]. Attorney Swanson's email states: "Kurt, By removing to federal court, it would seem that you are admitting that the $1 million of coverage is available. If your contention remains otherwise, I don't see how you can aver that there is more than $75,000 in dispute? Please advise so I can plan accordingly." [*Id.* (Swanson email to Mullen)].

In reply, Attorney Mullen stated that: "No, ACE American does not contend that $1 million in UIM coverage is available. As we discussed, Ryder selected the

9

minimum UM/UIM limits in Connecticut. However, I understand your client's position is that the ACE American policy contains $1 million in UIM coverage. Will your client stipulate that his damages do not exceed $75,000 or that the policy contains only the minimum UM/UIM limits? If not, then the federal court has diversity jurisdiction." [*Id*. (Mullen Repl. to Swanson)].

Attorney Mullen's email is a correct statement of the law as applied to the facts here. In the parties' 26(f) report, Plaintiff states that their position is that ACE is obligated to compensate Mr. Parker for injuries up to $1,000,000, which the plaintiff contends is the UIM coverage amount selected by Ryder Truck Rental, LT, minus applicable reductions for other recoveries." [Dkt. 14 at 3]. ACE contends that it is not obliged to compensate Mr. Parker whatsoever. ACE argues that Mr. Parker's employer selected the minimum uninsured/underinsured motorist limits, not an amount equal to the policy's $1 million limit of liability for bodily injury. [*Id*. at 3]. Even so, ACE argues that it is not obliged to pay the lower uninsured/underinsured motorists limit because Mr. Parker has already received more than the statutory minimum from the tortfeasor's insurance. [*Id*.].

Plaintiff's second exhibit is ACE's affirmative defenses. [Dkt. 12 (Pl. Ex. C) at 12]. Plaintiff's brief offers no legal citation for the position that affirmative defenses are relevant for purposes of determining the amount in controversy.

In declaratory judgments over insurance coverage, it is the value of the underlying claim that determines the amount in controversy, not the face value of the policy. *Amica Mut. Ins. Co. v. Levine*, 7 F. Supp. 3d 182, 187 (D. Conn. 2014).

Plaintiff's amended complaint alleges that he sustained serious injuries and his pleadings admit that he is seeking coverage up to $1 million. On these facts, ACE establishes that the amount sought by the Plaintiff reasonably exceeds $75,000. The fact that ACE may have affirmative defenses which might be fully dispositive or may substantially limit its liability to an amount less than $75,000 is not relevant for determining the amount in controversy for jurisdictional purposes. Affirmative defenses do not whittle down the amount in controversy because, at the time of the filing of the complaint, their application is not a legal certainty. *Scherer*, 347 F.3d at 397. Here, Plaintiff is not conceding that ACE's liability is limited to $75,000 or less.

Consequently, the Court has original jurisdiction over this matter pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332(a), as there is complete diversity between the parties and the amount in controversy is satisfied. The Court now turns to whether ACE improperly removed the case pursuant to 28 U.S.C. § 1445(c).

IV. <u>Whether 28 U.S.C. § 1445(c) deprives the Court of removal jurisdiction.</u>

Plaintiff's final argument is that since Mr. Parker has an on-going workers' compensation claim related to the accident, the case should be remanded to state court pursuant to 28 U.S.C. § 1445(c). [Dkt. 12 at 2]. Mr. Parker argues that "there will be critical questions regarding collateral sources and offsets arising from the plaintiff's worker's compensation case." [*Id*.].

In opposition, ACE argues that 28 U.S.C. § 1445(c) is inapplicable because Mr. Parker's claim does not arise under workers' compensation law, but rather seeks

compensation from his employer's commercial automobile liability insurance policy's uninsured/underinsured motorist's coverage. [Dkt. 13 (Def. Mem. in Opp'n) at 4-5]. In other words, the merits of Mr. Parker's claim for coverage under the ACE insurance policy is independent of his employer's potential liability under workers' compensation law, even if it affects the ultimate distribution of damages at a later point. [*Id.*]. The Court agrees.

28 U.S.C. § 1445(c) states that "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." The phrase "arising under" in § 1445(c) is interpreted in the same manner as 28 U.S.C. § 1331, which is the federal question jurisdiction statute. *Wilson v. Lowe's Home Ctr., Inc.*, 401 F. Supp. 2d 186, 191 (D. Conn. 2005)(superseded by statute on other grounds); *see also Stevens v. Metso Paper USA, Inc.*, No. CIV.A. 307-CV-735JCH, 2007 WL 2789346, at *1 (D. Conn. Sept. 24, 2007). Under § 1331, a case arises under federal law where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

ACE cites *Stevens v. Metso Paper USA, Inc.*, 2007 WL 2789346 for the proposition that the potential applicability of workers' compensation benefits as a collateral source does not mean that a negligence claim against third parties "arises under" workers' compensation law. In *Stevens*, the plaintiff was an injured worker who, together with his employer's workers' compensation insurer, brought

12

a products liability action against the manufacturer of machinery that injured plaintiff while at work. *Id*. at 1. After the manufacturers removed the suit to federal court, plaintiff and the insurer moved for remand based on 28 U.S.C. § 1445(c). *Id*. The district court held that, although Connecticut's Workers' Compensation Act established certain procedural requirements to suing negligent third parties, it did not create a cause of action or establish any remedies. *Id*. at 1-2. The district court concluded that the fact that workers' compensation benefits were paid may eventually factor in the damages analysis does not render the case as "arising under workers" compensation law. *Id*. at 3 ("…at some point there may be a question about the distribution of damages that may depend on Connecticut Workers' Compensation Law, but no construction of Workers' Compensation law will be necessary to determine whether plaintiffs will prevail on the merits of their claim.").

Plaintiff cites *Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1087 (5th Cir. 1991) for the proposition that Plaintiff has elected his remedies and so the case should remain in state court. This case is distinguishable from *Jones.* There, Jones brought a state law claim for retaliatory discharge for having previously filed workers' compensation claims. *Id*. at 1090. The Fifth Circuit held that a workers' compensation retaliation claim arose under Texas workers' compensation law because "… were it not for the workers' compensation laws, article 8307c would not exist, as its incorporation in Title 130 of the revised civil statutes of Texas covering workers' compensation suggests." *Id*. at 1092. Functionally, the anti-retaliation provision was intended by the legislature to preserve and promote

13

access to workers' compensation benefits. *Id.* at 1091-92. The case does not stand for the proposition that a plaintiff's attempt to be made whole for workplace injuries through the workers' compensation process means that an independent action to recover insurance proceeds "aris[es] under workers' compensation law" when that action is independent of the state workers' compensation regulatory scheme.

Therefore, 28 U.S.C. § 1445(c) does not preclude removal of this action.

## Conclusion

For the above stated reasons, the Court DENIES Plaintiff's motion to remand.

ACE's opposition brief requests that the Court "[g]rant ACE American such other and further relief as is just and equitable," but does not state the basis for such relief. ACE has not moved for sanctions and the Court declines to address the application of Fed. R. Civ. P. 11(b) *sua sponte* to Plaintiff's motion beyond that which was already addressed by the Court's memorandum of decision. It suffices to say that any further motion practice from Plaintiff must be accompanied by a memorandum of support reflecting careful legal research and diligence.

    IT IS SO ORDERED

    _____/s/_____

    Hon. Vanessa L. Bryant
    United States District Judge

Dated at Hartford, Connecticut: January 28, 2021